# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 24-50041
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Cecilio Torres-Ibarra,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CR-1189-1

―――――――――――――――――――――――

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Cecilio Torres-Ibarra appeals his conviction and sentence for illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b)(1). He argues that § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum established by § 1326(a) based on

――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50041

facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.

He has filed an unopposed motion for summary disposition and a letter brief correctly conceding that the only issue he raises is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). He explains that he has raised the issue to preserve it for possible further review. Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Torres-Ibarra's motion is GRANTED, and the district court's judgment is AFFIRMED.